\*\*E-Filed 9/14/2010\*\*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO VASQUEZ and JOSE VASQUEZ,<br><br>  Plaintiffs,<br><br>  v.<br><br>CAL WESTERN RECONVEYANCE CORPORATION as Trustee for U.S. Bank National Association as Trustee for First Franklin Loan Trust through Certificate Series 2006-FF10, et al.,<br><br>  Defendant. | Case No. 10-3411-JF/HRL<br><br>ORDER[1] DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR STAY OF ENFORCEMENT<br><br>[re: document no. 3, 4, 10] |

**I. BACKGROUND**

Plaintiffs suffered an adverse judgment in an unlawful detainer action in the San Benito Superior Court, and that judgment has been affirmed on appeal. *See U.S. Bank National v. Vasquez*, No. CL-09-00140, Superior Court of California, San Benito County, Appellate Division, Minute Order from Appeal (April 5, 2010). On April 19, 2010, Plaintiffs, proceeding *pro se*, filed a complaint in this Court seeking to "remove" the case from the San Benito Superior

---

[1] This disposition is not designated for publication in the official reports.

Court. *Vasquez v. Cal Western Reconveyance Corp.*, 5:10-cv-01679-JF (N.D. Cal. filed Apr. 19, 2010). On August 9, the Court dismissed the case for lack of subject matter jurisdiction, noting that federal courts do not have jurisdiction to review state court judgments. *Vasquez v. Cal Western Reconveyance Corp.*, 5:10-cv-01679-JF (N.D. Cal. Aug. 9, 2010). On August 3, 2010, even before the related case was dismissed, Plaintiffs filed the instant separate action for damages resulting from "forcible and fraudulent eviction," claiming that the Defendants engaged in fraud and conspiracy before the state court. Complaint at 3-4. Plaintiffs each have filed motions to proceed *in forma pauperis* and also have filed an *ex parte* motion for "a stay of enforcement" to prevent Defendants from entering the property at issue.

## II. DISCUSSION

### A. Motion To Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

As presently drafted, Plaintiffs' complaint appears to be without merit in that it fails to set forth a cognizable claim. To the extent that Plaintiffs seek to overturn state court judgments, the Court is without jurisdiction to hear the action. As the Court noted with respect to Plaintiff's previous action, "federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. Ariz. 2001) (citing *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983)). A federal court similarly is barred from exercising jurisdiction over *de facto* appeals from state court where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state court's ruling." *Reusser v. Wachovia Bank, N.A.*,

2

Case No.  C10-1679-JF (HRL)
ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR STAY OF ENFORCEMENT
(JFLC3)

1  525 F.3d 855 (9th Cir. 2008).

To the extent that Plaintiffs allege that Defendants committed extrinisic fraud, that is, conduct that prevented Plaintiffs from presenting their claims in state court, Plaintiffs' claims would not necessarily be barred by the *Rooker-Feldman* doctrine articulated above. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). As presently drafted, however, Plaintiffs complaint only makes bare allegations of fraud. These allegations are insufficient to satisfy Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud must "state with particularity the circumstances constituting fraud," nor do they make out a claim for extrinsic fraud sufficient to overcome the jurisdictional bar of *Rooker-Feldman.* Accordingly, Plaintiffs' requests to proceed *in forma pauperis* are denied without prejudice. If Plaintiffs do not pay the filing fee within thirty days of the date of this order, the Court will dismiss the action without prejudice.

**B.     Application For *Ex Parte* Order A Stay Of Enforcement**

The Court considers Plaintiffs *ex parte* motion for an order "staying any enforcement or entering into the real property subject to this proceeding" under the standard applicable to a preliminary injunction. *See Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citation omitted).

As noted above, Plaintiffs' have not demonstrated a likelihood of success on the merits.

### III.  ORDER

Plaintiffs' motions to proceed *in forma pauperis* are DENIED. If Plaintiffs do not pay the filing fee in this action within thirty (30) days of the date of this order, the action will be

Case No.  C10-1679-JF (HRL)
ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR STAY OF ENFORCEMENT
(JFLC3)

1  dismissed without prejudice.  Plaintiffs' *ex parte* motion to prevent Defendants from entering the
2  property at issue is DENIED.
3  **IT IS SO ORDERED.**

4
5  DATED: 9/14/2010

                                    JEREMY FOGEL
                                    United States District Judge

Copies of this Order have been served on the following persons:

Francisco Vasquez
P.O. Box 420
Salinas, CA 93902

Jose Vasquez
P.O. Box 420
Salinas, CA 93902

Case No.  C10-1679-JF (HRL)
ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR STAY OF ENFORCEMENT
(JFLC3)